# NO. 12-18-00306-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | *§* | *APPEAL FROM THE 369TH* |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *SHELTON TODD REDD* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Shelton Todd Redd appeals from a trial court order to hold him without bond following a motion to revoke his community supervision. We affirm.

## BACKGROUND

Appellant was convicted of continuous violence against the family and sentenced to imprisonment for ten years. The trial court suspended his sentence and placed him on community supervision for a term of five years.

Subsequently, the State filed a motion to revoke Appellant's community supervision. The trial court issued a capias for Appellant's arrest and ordered him held without bond. However, because of a clerical error in the district clerk's office, the capias showed a bond amount of $15,000.00. After Appellant was arrested, he was released the next day on the purported $15,000.00 bond.

The trial court issued a new capias stating, "No Bond." Appellant was arrested on the new capias. He filed an application for writ of habeas corpus with the trial court seeking his release on the purported $15,000.00 bond. After a hearing, the trial court denied the application. This appeal followed.

## BAIL BOND

In his sole issue, Appellant argues that the trial court violated his constitutional right to due process by ordering him held without bond after his release on the purported $15,000.00 bond.

**Standard of Review and Applicable Law**

The United States Constitution provides that no state shall deprive any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV. Texas law provides that at any time during a period of community supervision, the judge may issue a warrant for a violation of any condition of community supervision and cause the defendant to be arrested. TEX. CODE CRIM. PROC. ANN. art. 42A.751(b) (West 2018). When a defendant is arrested for an alleged violation of his conditions of community supervision, only the judge who ordered the arrest may authorize the defendant's release on bail. *Id.* art. 42A.751(c) (West 2018).

**Analysis**

Appellant contends that by entering the purported $15,000.00 bond, he obtained "a property right in which he contracted with the State of Texas wherein the [sic] would gain the right to be free of incarceration in exchange that he follow conditions and appear when summoned and if he did not his surety would pay $15,000.00." Consequently, he argues that his due process rights were violated when he was subsequently arrested without violating his bond conditions. We disagree.

Because the $15,000.00 bond resulted not from the trial judge's authorization but from a clerical error in the district clerk's office, the bond was invalid. *See id.* Because the bond was invalid, Appellant gained no property right from entering it, and his due process rights were not violated by his subsequent arrest and confinement without bond. *See id.* art. 42A.751(b), (c). Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order to hold Appellant without bond.

BRIAN HOYLE
Justice

Opinion delivered January 9, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 9, 2019**

**NO. 12-18-00306-CV**

**EX PARTE: SHELTON TODD REDD**

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV-18-518-369)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order holding Appellant without bond following a motion to revoke his community supervision, **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*